1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  LINA PENG (NYBN 5150032)
   Assistant United States Attorneys
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7200
7      FAX: (415) 436-7027
       Lina.Peng@usdoj.gov
8
   Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,          )  CASE NO.: 22 CR 447 JSW
14                                     )
              Plaintiff,               )  ORDER DETAINING DEFENDANT PRIOR
15                                     )  TO TRIAL
        v.                             )
16                                     )
   EMONIE BAILEY,                      )
17                                     )
              Defendant.               )
18   _____)

19        On November 29, 2022, an Indictment was filed in the Northern District of California charging

20  Defendant Emonie Bailey, with one count of violating Title 18, United States Code, Section 922(g)(1) –

21  Felon in Possession of a Firearm and/or Ammunition.  Defendant made his initial appearance and was

22  arraigned on his Indictment in the Northern District of California on January 5, 2023, and the Court held

23  a detention hearing on January 12, 2023.

24        At the detention hearing, Defendant was present and represented by Shaffy Moeel.  A United

25  States Pretrial Services Agency Officer was also present at the hearing.  Pretrial Services submitted a

26  report that recommended detention on grounds of both Defendant's risk of flight and danger to the

27  community.  The Government moved for detention and filed a motion (ECF No. 29) and provided the

28  parties and the Court with copies of relevant police reports.  Defendant opposed.  The parties submitted

proffers and arguments.

Upon consideration of the court file and the party proffers at the detention hearing, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure Defendant's appearance as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the government's detention memorandum and the accompanying police reports provided, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required or the safety of the community, including because of: (1) the Defendant's extensive criminal history, including that he had previously been convicted of offenses involving using firearms during acts of violence; (2) the Defendant's history of fleeing from law enforcement, including during his arrest for the instant offense requiring drone support and an hours-long search before he was located; (3) the Defendant was on parole and probation during

the time he committed the instant offense and (4) the Defendant's repeated possession of firearms, including the number of firearms and ammunition involved in the instant offense.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

January_____13, 2023

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

ORDER DETAINING DEFENDANT PRIOR TO TRIAL
22 CR 447 JSW