UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMONIE BAILEY,<br><br>Defendant. | Case No. 22-cr-00447-JSW-1<br><br>**ORDER DENYING MOTION TO SUPPRESS AND SETTING STATUS CONFERENCE**<br><br>Re: Dkt. No. 113 |

Now before the Court for consideration is the motion to suppress filed by Defendant Emonie Bailey ("Bailey"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and oral argument. The Court HEREBY DENIES Bailey's motion.

## BACKGROUND

On November 29, 2022, the Government filed the Indictment in this case and charged Bailey with one count of a violation of 18 U.S.C. section 922(g), felon in possession of a firearm. On September 16, 2022, San Francisco Police Department ("SFPD") officers arrested Bailey in Oakland, California pursuant to a state search warrant. The affidavit in support of the warrant was prepared by SFPD Officer Erika Viola and was the culmination of four previous search warrants she prepared and submitted to five San Francisco Superior Court judges. (Def. Exs. A-E.)[1]

The first warrant, dated May 25, 2022, was directed to Meta Platforms, Inc. and asked for subscriber information and electronic communication information for an Instagram account with the handle: "thompsquad_rocko." (Def. Ex. A ("May 25 Warrant").) Officer Viola provided the following statement of probable cause:

---

[1] Bailey has not submitted a declaration to authenticate these exhibits. *See* N.D. Crim. L.R. 47-2(d) (incorporating Civil Local Rule 7-5.) However, the Government has not objected.

**Summary**

The target of this investigation, Emonie Bailey … is currently a fugitive from justice and has an outstanding $5,000 warrant for a Postrelease Community Supervision ("PRCS") out of Alameda County.[2]  Bailey is currently on PRCS for being a violent felon in possession of a loaded firearm.

Based on my training and experience and my further discussion with other officers, I know that Bailey is affiliated with the WestMobb criminal street gang.

It should be noted that on 1/14/2022, SFPD Community Violence Reduction Team Ofc. Ochoa #1317 arrested Bailey for multiple firearm violations in Fairfield, California.  I assisted in the search of his residence where a firearm was discovered.  At the time of this warrant, the investigation is still open and active.

**Investigation**

On 1/21/2022, a bench warrant was issued for Emonie Bailey for a [PRCS] violation.

While investigating Instagram social media accounts, I was able to locate an Instagram account with the handle of "thompsquad_rocko."  Based on photographs and videos posted to this account and my own personal police contact with Bailey, I determined the person in the photographs and videos is Emonie Bailey thus confirming he is the account manager.  Based on my training and experience, I fully believe the account "thompsquad_rocko" is operated and maintained by Bailey.

[IMAGE][3]

I believe accessing Instagram will assist with providing information that will identify the location Bailey frequents.  I believe accessing Instagram will further provide me with Bailey's associates and the locations he consistently frequents as Instagram collects specific geo-locations and direct messages.

(May 25 Warrant at US 83-84.)[4]

Meta produced the records, which did not identify Bailey as the account holder.  (Peng

---

[2]   According to the Government, the conviction occurred in San Francisco.  (Declaration of Lina Peng ("Peng Decl."), ¶ 2, Ex. A.)  There is nothing in the record to show that the judges who issued the warrants had that information.

[3]   Officer Viola included a screenshot of the Instagram account in the Statement of Probable Cause, which the Court has attached as an Appendix to this Order.  Bailey has not disputed that he is depicted in the photos.

[4]   The Court has omitted the preceding "0s" for each Bates number when citing the documents in this Order.

2

Decl., ¶ 3, Ex. B (Meta production at 1-2).)

The second warrant, which was issued on June 15, 2022, was directed to T-Mobile US/Metro PCS for phone numbers 415-879-1097 and 925-565-0481. (Def. Ex. B ("June 15 Warrant").) Officer Viola's Summary section of the statement of probable cause is nearly identical to the Summary in the May 25 Warrant. Officer Viola added that the WestMobb gang was "in San Francisco." (*Id.* at US 99.) Officer Viola also included information about the May 25 Warrant and characterized the Instagram account as "Bailey's." She also attested the information gained led to two cell phone numbers "for Emonie Bailey." (June 15 Warrant at US 100.) T-Mobile produced the records for the two cell phones, which did not include any personal information about the subscriber. (Peng Decl., ¶ 4, Ex. C.)

On August 10, 2022, Officer Viola submitted a warrant directed to Meta, as well as various internet service providers, for a pen register and trap-trace device on the "thompsquad_rocko" Instagram account. (Def. Ex. C ("Aug. 10 Warrant").) Officer Viola stated that the investigation underlying and the purpose of the request was to gather information that "will lead to the capture" of "a violent fugitive from justice," *i.e.,* Bailey. (*Id.* at US 108.) Officer Viola included much of the same information she included in the earlier warrants, including statements that the photos and videos on the Instagram account depict Bailey. Officer Viola also stated that the Instagram and cell phone numbers were Bailey's. (*Id.* at US 109.)

On August 25, 2022, Officer Viola authored the fourth warrant, which was directed to T-Mobile/Metro PCS for information about telephone number 279-667-5308. (Def. Ex. D ("Aug. 25 Warrant").) Officer Viola included information about the submission of previous warrants and again attested that the Instagram account and cell phone numbers belonged to Bailey. (*Id.* at US 109.)

The fifth and final warrant was issued on September 15, 2022, for the search of two homes, in Fairfield and Oakland, and for Bailey. (Def. Ex. E ("Sept. 15 Warrant").) Officer Viola restated that Bailey had an outstanding felony warrant for a PRCS violation, out of Alameda County, and stated the underlying conviction was for being a "violent felon in possession of a loaded firearm." (*Id.* at US 115.) Officer Viola listed two of Bailey's prior convictions but did

3

1  not state where he was convicted.  Officer Viola also included the information about Bailey's
2  alleged affiliation with the WestMobb criminal street gang in San Francisco and the information
3  about Bailey's January 14 arrest in Fairfield, California.  (*Id.* at US 115-16.)
4        Officer Viola then summarized the investigation and information obtained from Meta and
5  T-Mobile/Metro PCS for "Bailey's Instagram account." (*Id.* at US 116.)  Officer Viola stated that
6  "[i]n addition to discovering two cell phone numbers for Bailey, I observed two separate
7  conversations where Bailey sends a video of someone in a car driving on the 100 block of
8  Northridge Road in San Francisco." (*Id.*)  Officer Viola reported there were two people in the car,
9  the passenger and the driver, and reported that the passenger, believed to be Bailey, "raised a
10 firearm into the camera view and pointed towards the top of the window and then brought it back
11 down." (*Id.* at US 118.)  Officer Viola explained that the videos were sent to Demare Hollis and
12 Harold Hollis, known associates of the WestMobb Mobbstarz criminal street gang in San
13 Francisco.  She also stated that the photos were sent from the territory of a rival gang.  (*Id.* at US
14 119; *see also id.* at US 122.)  Officer Viola also provided additional information regarding
15 Bailey's purported ownership of the Instagram account and phone numbers and stated, for the first
16 time, that "I know from prior investigations that Bailey's nickname is Rocko. (*Id.* at US 121-22.)
17       Based on this and other information in the statement of probable cause, Officer Viola
18 attested that "I believe Bailey is illegally possessing a firearm and/or a rifle" and attested that a
19 search of the homes and vehicles would tend to show Bailey violated California Penal Code
20 section 29800, felon in possession of a firearm.  (*Id.* at US 123.)
21       The Court will address additional facts as necessary in the analysis.

## ANALYSIS

23       The Fourth Amendment guarantees Bailey the right to be free from unreasonable searches
24 and seizures.  U.S. Const. amend. IV.  All of the evidence Bailey seeks to suppress was obtained
25 by warrant.  Therefore, Bailey has the burden to show the seizures were unreasonable.
26 **A.    The Court Denies the Request for a *Franks* Hearing.**
27       Bailey argues that a *Franks* hearing is warranted because Officer Viola attempted to
28 suggest the Instagram account and phone numbers definitely belonged to Bailey, in spite of the

4

fact that the information from the returns did not conclusively link him to the account or the numbers. A defendant is entitled to an evidentiary hearing based on alleged misrepresentations or omissions in a warrant affidavit if the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). A misrepresentation is material if the warrant application, purged of the misrepresentation, would not support a finding of probable cause. *See United States v. Christie*, 825 F.3d 1048, 1068 (9th Cir. 2016).

In the May 25 Warrant, Officer Viola stated had "personal police contact with Bailey" and, based on that contact, was able to determine he was the person in photographs and videos posted to the account. "[P]robable cause means a fair probability that contraband or evidence is located in a particular place." *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007). Whether a "fair probability" has been shown depends on the "totality of the circumstances, including reasonable inferences, and is a commonsense, practical question. Neither certainty nor a preponderance of the evidence is required." *Id.* (internal quotation marks and citation omitted). In addition, "training and experience are factors to be considered" as part of the probable cause determination. *United States v. Cervantes*, 703 F.3d 1135, 1139 (9th Cir. 2012).

The May 25 Warrant stated that Bailey was a fugitive and the evidence to be obtained was to help locate him. By the time she presented the September 15 Warrant to the magistrate, she included information about a video that showed an individual, whom she believed to be Bailey, holding a firearm in San Francisco. Although the warrant returns may not have provided conclusive evidence that the Instagram account belonged to Bailey, that level of certainty is not required. Bailey also argued that the Court should consider the fact that she submitted the warrants to five different judges. However, he has not presented evidence to suggest that doing so was unusual or irregular.

The Court concludes Bailey has not made the substantial showing necessary to obtain a *Franks* hearing.

**B.     The Court Denies the Motion to Suppress.**

Bailey also argues that (1) the state court judges lacked jurisdiction to issue each of the warrants; and (2) each warrant is not supported by probable cause. The Government disagrees but also argues the good faith exception set forth in *United States v. Leon* is applicable. 468 U.S. 897, 916 (1984). That exception is satisfied if an officer acts 'in objectively reasonable reliance' on the warrant." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (quoting *Leon*, 468 U.S. at 922). The good faith exception is not available if an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" or "where the warrant is 'so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* (quoting *Leon*, 468 U.S. at 923).

Under California law, a magistrate has the authority "to issue a warrant for an out-of-county search when [they have] probable cause to believe that the evidence sought relates to a crime committed in [their] county and, thus, pertains to a present or future prosecution in that county." *People v. Dantzler*, 206 Cal. App. 3d 289, 292 (1988). "[A] warrant purportedly authorizing a search beyond the jurisdiction of the issuing magistrate judge is void under the Fourth Amendment." *United States v. Henderson*, 906 F.3d 1109, 1117 (9th Cir. 2018); *see also United States v. Mangi,* No. 18-cr-260-EJD, 2022 WL 1750464, at *3 (N.D. Cal. May 31, 2022) (search conducted pursuant to a state warrant, "need only conform to the requirements of the Federal Constitution rather than to the procedural requirements of Rule 41") (internal citation and quotations omitted).

In *Henderson*, the Ninth Circuit held that "application of the good faith exception is permitted where a warrant is void because of a magistrate judge's jurisdictional violation, so long as the executing officers had an objectively reasonable belief that the warrant was valid." *Id.* at 1119. Bailey argues the good faith exception for the same reason he is entitled to a *Franks* hearing. However, the Court has concluded that he has not made the substantial showing necessary to conclude that Officer Viola acted intentionally or recklessly. Moreover, the Court concludes Officer Viola's statements of probable cause are not "bare bones." Nor, for the reasons

discussed above, can the Court conclude the warrants are so facially deficient in their showing of probable cause that *Leon* should not apply. For these reasons, the Court concludes the purposes underlying the exclusionary rule would not be served in this case. *See Henderson*, 906 F.3d at 1119.

Accordingly, the Court DENIES the motion to suppress. The parties shall appear for a status conference on October 17, 2023 at 1:00 p.m. The parties shall submit a joint status report by 9:00 a.m. on October 13, 2023, and they shall address whether the time between the date of this Order and October 17, 2023 should be excluded from the Speedy Trial Act calculation and, if so, the reasons for the exclusions.

**IT IS SO ORDERED**.

Dated: October 4, 2023

_____
JEFFREY S. WHITE
United States District Judge

**APPENDIX**



8